IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN BALDWIN, WARDEN | ) |
| DAVID GOMEZ, | ) |
| MAJOR CONNOR | ) |
| LT. RODRICK, SGT. REXFORD | ) |
| RUSSEL RIDLEY 12657, Officer | ) |
| TAYLOR, DUAINE HEPNER, | ) |
| Officer FORSTER, Sergeants | ) |
| AUBELE, DAVIS, FULLER, | ) |
| & DUNLAP, Lieutenant | ) |
| ANDERSON and Major | ) |
| BROYLES, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, TYLER THOMAS, brings this action pursuant to the Eighth Amendment to the United States Constitution, 42 U.S.C. §1983, seeking redress for the beating and injury to Mr. Thomas while under the protection of the Defendants at Sheridan Correctional Center, as a direct result of the willful and wanton disregard of Defendants, his jailers, for his health and safety.

## PARTIES

1. Plaintiff, TYLER THOMAS, ("Thomas") is a natural person

1

and a resident of Illinois.

2. Sheridan Correctional Center ("Sheridan") is a prison located within the Central District of Illinois.

3. Plaintiff Thomas is a former inmate at Sheridan. He was incarcerated on the day he was attacked, December 19, 2017, but he is no longer incarcerated.

4. Defendant John Baldwin was, at all relevant times, the Director of the Illinois Department of Corrections ("IDOC"). As such, he was acting under color of state law. At all relevant times to the events at issue in this case, Defendant Baldwin maintained administrative and supervisory authority over the operations of all prisons in Illinois. At all relevant times, Defendant Baldwin promulgated rules, regulations, policies, and procedures of the IDOC. Defendant Baldwin is sued in his individual capacity.

5. Defendant Warden DAVID GOMEZ was at all relevant times the Warden of Sheridan Correctional Center. At all relevant times, he was employed by the Illinois Department of Corrections ("IDOC"). As such, he was acting under color of state law. At all relevant times, Defendant Gomez promulgated rules, regulations, policies, and procedures of the IDOC. Defendant Gomez is responsible for supervising all staff and managing all operations at Sheridan. He is sued in in his individual capacity.

6. Defendant, MAJOR CONNOR is a natural person and was the shift commander on the night of the attack on Plaintiff and his actions, poor training, indifferent supervision and reckless indifference to the well-being of inmates under his protection led to the cruel and unusual conditions of confinement and punishment that proximately caused the injuries to Plaintiff. At all times relevant to this complaint he was acting under color of state law and within the scope of his employment with IDOC. He is sued in his in his individual capacity.

7. Defendant, LT. RODRICK is a natural person and was the a supervising Lieutenant on the night of the attack on Plaintiff; and his actions, poor training, indifferent supervision, and reckless indifference to the well-being of inmates under his protection led to the cruel and unusual conditions of confinement that proximately caused the injuries to Plaintiff. He is sued in his individual capacity.

8. Defendant, SGT. REXFORD is a natural person and was the a supervising Sergeant on the night of the attack on Plaintiff; and his actions, poor training, indifferent supervision, and reckless indifference to the well-being of inmates under his protection led to the cruel and unusual conditions of confinement that proximately caused the injuries to Plaintiff. He is sued in his individual capacity.

9. Defendant Officer RUSSELL RIDLEY (#12657) was the Hall officer on duty in C-25 on the night of the attack. He is sued in his individual capacity.

10. Defendant Officer TAYLOR was the control officer on duty in C-25 on the night of the attack. He is sued in his individual capacity.

11. Defendant Office DUAINE HEPNER had interactions with the Attacking Inmate including knowledge that Plaintiff was at risk. He is sued in his individual capacity.

12. Defendant Officer FORSTER was the assistant on duty in C-25 on the night of the attack. He is sued in his individual capacity.

13. Defendants, Lieutenant ANDERSON and Major BROYLES Sergeants AUBELE, DAVIS, FULLER, AND DUNLAP, were also responsible for the policies, customs, practices, inadequate training and supervision that lead to the cruel and unusual conditions of confinement and vicious yet easily preventable attack on Plaintiff. They are sued in their individual capacities.

## JURISDICTION AND VENUE

14. Federal question jurisdiction exists because this action arises under the laws and constitution of the United States of America. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1367.

4

15. Venue are proper in this District under 28 U.S.C. 1391(b) because all the Defendants work in this District and, on information and belief, reside in this District, and because the facts that gave rise to Plaintiff's claims occurred in this District.

## CAUSE OF ACTION

16. On December 19, 2017, THOMAS was attacked by another inmate.

17. But for the willful, wanton, intentional and reckless disregard and indifference by Defendants for Plaintiff's safety and well-being, the attack would not have happened.

18. On December 19, at approximately 9:15 pm, Thomas was standing in line waiting to shower and talking to another inmate.

19. While he was talking another inmate, ("the Inmate Attacker") known to be a troublemaker and who was on dayroom restriction, knocked Plaintiff out cold with one punch of tremendous blow and force.

20. Other inmates witnessed the incident and that there was only one punch thrown; Plaintiff did not throw any punches or instigate any conflict whatsoever.

21. The Inmate Attacker was known to Defendants as a problem, an instigator of violence and conflict.

5

22. The Inmate Attacker had made it prominently known that he was going to "beat Plaintiff's ass" because of a perceived dispute related to allegations over a commissary issue.

23. Neither Officer Ridley nor other correctional officers protected Plaintiff from the attack, or assisted him immediately, or within a reasonable time, thereafter.

24. The Inmate Attacker was on dayroom restriction, and but for the willful, wanton, intentional and reckless disregard and indifference by Defendants, would not have been in the dayroom and would not have been able to attack Plaintiff.

25. After the attack, Plaintiff was helped to his cell by another inmate.

26. Officer Ridley was on duty and responsible for D-Hall.

27. Even though Plaintiff was severely injured and visibly bleeding, neither Officer Ridley, nor any other correctional officer rendered aid.

28. Officer Ridley was in intentional and reckless disregard of his duties when he allowed the Inmate Attacker into the dayroom.

29. Officer Ridley was in intentional and reckless disregard of his duties when he permitted cell doors to always be left open, not secured, and jammed open so the inmates can come and go as they please.

30. A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety.

31. Defendants knew Tyler faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

32. Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement. They must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must protect prisoners from violence at the hands of other prisoners.

## CLAIM FOR RELIEF

### Failure to Protect (8th Amendment, 42 U.S.C. §1983)

33. Plaintiff restates and realleges the allegations contained in Paragraphs 1-45 of this Complaint as if fully stated herein.

34. Under settled United States Supreme Court authority, and in accordance with the Eighth Amendment, Mr. Thomas was entitled to be free from a known and unreasonable risk of serious harm while in the custody of Defendants.

35. In violation of the Eighth Amendment, the individual Defendants knew of and disregarded a substantial risk of serious harm to Mr. Thomas.

7

36. In the alternative, the individual Defendants disregarded an obvious risk of serious harm or unreasonably disregarded a risk of serious harm.

37. The individual Defendants' above-described actions and omissions were undertaken with malice and/or reckless disregard for Mr. Thomas' constitutional rights.

38. As a result of the unjustified and unconstitutional conduct of the individual Defendants, Mr. Thomas experienced pain, suffering, emotional distress, and severe and permanent injury.

39. The Defendants' actions and omissions were the direct and proximate cause of the violations of Mr. Thomas' constitutional rights, and of the damages suffered by Plaintiff.

40. As a result of the actions described herein, Mr. Thomas was deprived of his rights under the Eighth Amendment, entitling Plaintiff to relief pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor awarding the following relief:

A. Compensatory damages

B. Punitive damages;

C. Reasonable attorney's fees and costs; and

D.   Such other financial or equitable relief as is reasonable and just.

PLAINTIFF DEMANDS A TRIAL BY JURY


                                         RESPECTFULLY SUBMITTED,
                                         /s/ Christopher V. Langone
                              BY:        _____
                                         Christopher V. Langone


3033 N. Clark Street
Chicago, IL
(312) 720-9191
langonelaw@gmail.com

9