UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 8293 |
| | ) | |
| JOHN BALDWIN, et al. | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants John Baldwin ("Baldwin") and Officer Forrester's ("Forrester") motion to dismiss Plaintiff Tyler Thomas's ("Thomas") complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant the motion.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Thomas's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Thomas is an Illinois resident and a former inmate at Sheridan Correctional Center ("Sheridan"). Defendant Baldwin was the Director of the Illinois Department of Corrections ("IDOC"). Officer Forrester was a corrections officer at

Sheridan. The non-moving defendants include the Warden of Sheridan David Gomez, and various officers, lieutenants, and sergeants at Sheridan. All defendants are sued in their individual capacities.

On December 19, 2017, at approximately 9:15 p.m., Thomas was standing in line waiting to take a shower and talking to another inmate at Sheridan. While standing in line, an inmate who was allegedly known to be a troublemaker punched Thomas in the face and knocked him out. Thomas alleges that other inmates witnessed the event and that he did not throw any punches or instigate the attack in any way. Thomas alleges that it was known that the attacker was going to "beat Plaintiff's ass" because of a perceived dispute related to a commissary issue. Additionally, Thomas alleges that the attacker was on a dayroom restriction, meaning that he could not enter the area where Thomas was at the time. After the attack, Thomas was helped back to his cell by another inmate.

Thomas alleges that Defendant Officer Ridley, a corrections officer at Sheridan, intentionally and recklessly disregarded his duties by allowing the attacker into the dayroom and allowing cell doors to always be open so inmates can "come and go as they please."

Based on these facts, Thomas filed the instant complaint on December 18, 2019. Thomas claims violations of the Eighth Amendment under 42 U.S.C. § 1983. Thomas alleges that all Defendants failed to protect him from a known and unreasonable risk of

2

serious harm. Thomas alleges that all Defendants' acts or omissions were done with malice or reckless disregard for his constitutional rights. Baldwin and Forrester moved to dismiss the complaint on July 27, 2020.[1]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

---

[1] Despite amble opportunity, Thomas has failed to respond to the motion.

Baldwin and Forrester urge the court to dismiss the claims against them because Thomas does not allege that either of them were personally involved in the alleged constitutional deprivation. We agree.

Plaintiffs may only bring Section 1983 claims against individuals who were personally involved in the alleged constitutional deprivation. *Vinning–El v. Evans*, 657 F.3d 591, 592 (7th Cir.2011). As such, superiors may not be held vicariously liable for the actions of their subordinates under the doctrine of respondeat superior. *Iqbal*, 556 U.S. at 676. "To show personal involvement, the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see". *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

Thomas does not allege any facts to support a reasonable inference that Baldwin and Forrester were personally involved in the alleged Eighth Amendment deprivation. Thomas alleges that Baldwin, as the Director of the IDOC, acted "under the color of state law," "maintained administrative and supervisory authority over the operations of all prisons in Illinois," and "promulgated rules, regulations, policies, and procedures of the IDOC." However, Thomas does not allege more than these general statements. For example, he does not allege that Baldwin knew that Sheridan had a policy that might harm Thomas or that Baldwin promulgated the rule that led to Thomas's alleged constitutional deprivation. Without any allegations of the personal involvement of Baldwin, Thomas cannot state a Section 1983 claim against Baldwin.

Thomas also does not allege any personal involvement of Forrester. Thomas alleges that Forrester was "the assistant on duty in C-25 on the night of the attack." Assuming that C-25 is the cell block in which the attack occurred, this fact is not enough to support an inference that Forrester was personally involved. Thomas does not allege that Forrester was in a close proximity to or witnessed the attack, knew that the cell doors were being kept open, knew that the attacker allegedly had a propensity to cause trouble or wanted to attack Thomas, or otherwise had the ability or opportunity to prevent the attack. Without any allegations of personal involvement, Thomas cannot state a Section 1983 claim against Forrester.

Accordingly, Baldwin and Forrester's motion to dismiss is granted.

## **CONCLUSION**

For the reasons mentioned above, the Court grants Baldwin and Forrester's motion to dismiss. The claims against Baldwin and Forrester are dismissed without prejudice. Thomas has thirty days to file an amended complaint if he so chooses. Telephonic status hearing is set for 12/1/2020 at 10:20 a.m. It is so ordered.

Dated: 10/06/2020

_____
Charles P. Kocoras
United States District Judge